GLENS FALLS INDEMNITY COMPANY v. D. A. SWANSTROM
COMPANY AND OTHERS.[1]

June 3, 1938.

No. 31,570.

[1]Reported in 279 N. W. 845.

*Abbott, MacPherran, Dancer, Gilbert & Doan, J. R. Zuger,* and *William E. Tracy,* for appellant.

*Warner E. Whipple* and *George W. Atmore, Jr.,* for Swanstrom Investment Company, respondent.

GALLAGHER, CHIEF JUSTICE.

Appeal from an order denying a motion in the alternative to amend the findings, conclusions, and order for judgment, or for a new trial.

In the main the facts of the case are not in dispute; the contest waged here concerns the legal incidents to be attached to them. Respondent Swanstrom Investment Company, having J. C. Helm for president, is a realty holding company. Among its properties is a business building located in Duluth and cared for by a janitor in its employ. Dwight A. Swanstrom is a stockholder, director, and secretary of this company. Appellant is an insurance company domiciled in New York state and maintaining a branch office in Chicago; one of its Duluth agents is the D. A. Swanstrom Company. Dwight A. Swanstrom is a stockholder and director, as well as vice president and treasurer, of the D. A. Swanstrom Company; Robert G. Ledingham is secretary of this corporation. Besides an insurance agency business, the D. A. Swanstrom Company also engages in the property management field and is rental agent for respondent Swanstrom Investment Company.

For at least ten years prior to January 28, 1936, the janitor employed by respondent had not been protected by compensation insurance. On January 22, 1936, Helm ordered Ledingham to place

public liability insurance on some of the company properties and to make out an application for compensation insurance on the janitor. At a meeting on January 28 of the board of directors of respondent, a resolution confirming these orders was unanimously adopted by all the officers, including Dwight A. Swanstrom, who informed Helm that the company was covered from that moment. After lunch Dwight A. Swanstrom instructed Ledingham to send the application for compensation insurance to appellant. That evening Ledingham filled out the application and mailed it to the Chicago office, where it was received the morning of January 30. The policy was issued January 31 and reached the D. A. Swanstrom Company February 3.

About 6:30 a. m. January 29, the janitor, Charles Hendrickson, sustained severe injuries during the course of his employment and died the evening of January 31. Appellant was not informed of these occurrences until February 3.

By this suit appellant seeks to have the policy canceled for concealment of material facts and because of fraud, and its nonliability for compensation for the death of Charles Hendrickson declared.

■ The effective date of the policy is stated to be January 28, the same day that the application was authorized by respondent and mailed by Ledingham. But appellant asserts that it is not liable for injuries occurring January 29 for the reason that the policy, in order to become operative, had to be accepted; that it was not accepted until January 31; and that it is under no obligation for injuries occurring prior to the time of acceptance. That this position is correct may be conceded for the purpose of argument. It follows that liability, if it exists, must be predicated upon an oral contract of preliminary or interim insurance between respondent and appellant entered into by the latter through the agency of Dwight A. Swanstrom for the period between the time of the application and the moment when the application was accepted. For the purpose of clarity and of avoiding a contentious point, Dwight A. Swanstrom will be treated as the agent of appellant without regard to the intervening agency of the D. A. Swanstrom Company.

The issue, whether there is an existing contract of interim insurance, depends for its solution upon the answer to two questions: (1) Whether Dwight A. Swanstrom had authority to enter into contracts for interim insurance on appellant's behalf; and (2) whether such a contract between Dwight A. Swanstrom as agent for appellant and a company in which he is an officer, director, and stockholder is binding on appellant.

As has been remarked, the policy in this case bears the same date as the application, January 28, 1936, and was to be operative for one year, until January 28, 1937. It appears to have been the unvarying custom of appellant to place the date of the application upon the policy as the effective date of that instrument. Were insurers free to collect premiums for the period bounded by the date of application and the date of issuance of the policy and at the same time at liberty to repudiate all liability for any losses occurring during that period, the injustice of the rule would be grossly apparent. To avoid this result and to forestall overreaching, courts have found an implied authority in soliciting agents of insurers following this practice to contract with applicants for interim or preliminary insurance covering the period prior to acceptance or rejection of the application. Koivisto v. Bankers & M. F. Ins. Co. 148 Minn. 255, 181 N. W. 580; Nertney v. National F. Ins. Co. 199 Iowa, 1358, 203 N. W. 826; Boever v. Great American Ins. Co. 221 Iowa, 566, 266 N. W. 276; U. S. F. & G. Co. v. Goldberger (3 Cir.) 13 F. (2d) 779. An oral contract of present insurance is valid in this state. Schmidt v. Agricultural Ins. Co. 190 Minn. 585, 252 N. W. 671.

Appellant opposes this result with the argument that the party contracting on behalf of appellant was not a general agent, but was a district or regional agent. The distinction between these classes of agencies appears, from the testimony, to be that a general agent is expressly authorized to accept applications and to issue policies while a regional agent is restricted to the solicitation of applications for submission to appellant for acceptance or rejection. A general agent has express authority to execute interim insurance, or binders, while a regional agent is not similarly empowered. This

is no valid answer. Authority to enter into contracts of interim insurance is not implied from an express authority to accept applications and to issue policies of insurance, but from the custom of the insurer of dating policies as of the day of application. Cases cited *supra*.

■ Appellant contends that it was without knowledge of the fact that Dwight A. Swanstrom was an officer, director, and stockholder of the Swanstrom Investment Company until February 4. Accepting this contention for truth, is the interim contract for coverage binding upon appellant? Conceding further that an insurer, absent its prior consent, is not absolutely bound by a contract entered into by its agent with a company in which the agent is an officer and stockholder (3 Couch, Cyc. of Ins. Law, § 564; 32 C. J. p. 1071, § 149), yet the contract is no more than voidable, and the principal must disaffirm it in order to escape its obligations. Restatement, Agency, § 23 and comment.

It appears that respondent paid the initial premium on the policy in dispute in January to the D. A. Swanstrom Company. March 11 it was, with other premiums, remitted to appellant at Chicago and was there accepted. The record indicates that appellant learned of the interest of Dwight A. Swanstrom in the Swanstrom Investment Company on February 4. About the middle of that month, it is said, a notation was entered on this account in the Chicago office to decline the premium. Payment of premiums by those insured is made in the usual course of business to the agent through whom the policy is delivered. Forty-five to sixty days is the ordinary period elapsing between payment to the agent and remittance by the agent to appellant. Despite the fact that this was known to the supervisor of investigation of claims, the person making the notation, no order was given to the agent to tender back the premium paid by respondent. Nor when the premium was received was any objection made. Acceptance was made through error or oversight, appellant explains; but no tender was made even then until the trial had proceeded a considerable distance toward completion, long after it would appear to have been discoverable by reasonable diligence.

If an act inconsistent with disaffirmance is done by one with whom the privilege lies, the privilege will be held to have been waived. Acceptance of premiums with full knowledge of the facts constitutes an affirmance of the policy. And, having waived the privilege, the insurer will not be heard to assert the voidability of the policy at a later date. 32 C. J. p. 1349, § 624; 3 Couch, Cyc. of Ins. Law, § 687; 6 Couch, Cyc. of Ins. Law, §§ 1436, 1443; Hemmings v. Sceptre L. Assn., Ltd. [1905] 1 Ch. 365; Ayrey v. British L. & U. P. A. Co., Ltd. [1918] 1 K. B. 136. Appellant was not privileged "to run with the hare and hold with the hounds" until such time as it should become plain on which side its advantage lay.

■ Appellant also raises the cry of fraud rendering the contract of interim insurance and the policy itself of no effect. It strives to incorporate substance into this claim by declarations that respondent failed to reveal its connection with Dwight A. Swanstrom or to. disclose the accident of January 29 until the delivery of the policy. As to the concealed connection between its agent and respondent, appellant failed to make an unequivocal repudiation of either the preliminary contract or the policy within a reasonable time, and its reliance on that ground is misplaced. Lack of disclosure of changed conditions coming into being after the application and before the release of the policy does not conclusively prove fraud. Ames v. New York L. Ins. Co. 154 Minn. 111, 191 N. W. 274. The trial court finds that no fraud or deceit exists. There is nothing in the record to warrant a reversal of this finding.

It is held that Dwight A. Swanstrom had implied authority to enter into contracts of interim insurance covering the span between the making of the application and the acceptance or rejection thereof; that he did make such a contract with respondent while acting as agent of appellant; that, if the contract in its inception was not absolutely binding on appellant, the objection was waived by appellant; and that no fraud or deceit is found either in the contract for interim insurance or in the inducements preceding the issuance of the policy.

Order affirmed.